**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYDA TCHAKMAKJIAN, <br><br> Plaintiff, <br><br> v. <br><br> TAQUAWANIA L. DAVIS, NIKEYA D. LONGINO, aka Sindro N. Longino, et al., <br><br> Defendants. | **Case No. CV 17-00049-CAS (RAOx)** <br><br> **ORDER REMANDING ACTION AND DENYING APPLICATIONS TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |

## I.

## FACTUAL BACKGROUND

Plaintiff Mayda Tchakmakjian ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Taquawania L. Davis, Nikeya D. Longino, also known as Sindro N. Longino, and Does 1 to 10 ("Defendants") on or about November 3, 2016. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl.") and Answer, Dkt. No. 1. Defendants are allegedly tenants of real property located in Los Angeles, California ("the property"). Compl., ¶¶ 1, 3, 6. Plaintiff is the owner of the property. *Id.* at ¶ 4.

Defendants Davis and Longino filed a Notice of Removal on January 4, 2017, invoking the Court's federal question jurisdiction asserting that Defendants'

Answer to the Complaint raises issues under federal law. Removal at 2. The same day, Defendants Davis and Longino filed Applications to Proceed Without Prepaying Fees or Costs. Dkt. Nos. 3, 4.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendants Davis and Longino assert that this Court has subject matter jurisdiction due to the existence of a federal question. (Removal at 2.) Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

///

Here, the Court's review of the Notice of Removal and the attached Complaint and Answer makes clear that this Court does not have federal question jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendants Davis and Longino's contention that federal question jurisdiction exists because Defendants' Answer raises issues of federal law. Removal at 2-3. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430. Thus, to the extent Defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendants' Applications to Proceed Without Prepaying Fees or Costs are DENIED as moot.

IT IS SO ORDERED.

DATED: January 9, 2017

____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE